Benjamin Wright, Esq.
WRIGHT LAW OFFICES
668 N. 44th Street, Ste. 300
Phoenix, AZ 85008
Email: bwright@wloaz.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PRESCOTT DIVISION

-------------------------------------------------------------X

TAMMY HAMPTON,

Plaintiff,

-against-

FIRST NATIONAL BANK

Defendant.

-------------------------------------------------------------X

Civil No:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**DEMAND FOR JURY TRIAL**

Plaintiff TAMMY HAMPTON, ("Plaintiff"), by and through her attorneys, Wright Law Offices and Marcus & Zelman, LLC, brings this Complaint against the Defendant FIRST NATIONAL BANK (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).
2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick

and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing*, 137 Cong. Rec. 30,821 (1991).

3. Even if prior consent was given, a consumer has a right to revoke that consent. *See, Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir. 2013).
4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See*, PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

5. Plaintiff is a natural person who resides in Wikieup, Arizona.
6. Defendant is a national bank with its headquarters at One North Shore Center, Pittsburgh, Pennsylvania 15212.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331.
8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling Plaintiffs cellular telephone phone number of (530) 315-9980.
11. Plaintiff is the customary and sole user of the cellular phone number (530) 315-9980.
12. For some time, Defendant has been calling Plaintiff's cellular telephone in an attempt to collect a debt.
13. Plaintiff never gave consent for the Defendant to call her cellular phone number with an automated telephone dialing system and/or prerecorded message.
14. At some point around 2015, Plaintiff who never had a relationship with the Defendant spoke with a representative and inquired how they got her number. During the conversation it became clear that Plaintiff was a victim of identity theft, and that someone else provided the Defendant with her name and phone number.
15. Plaintiff notified the Defendant on that call, and on several subsequent calls, that she was the victim of identity theft, that she never gave the Defendant her phone number, and that she wanted the calls to stop.
16. The Defendant called from numerous phone numbers, including 800-677-9801.
17. Despite Plaintiff's requests, Defendant continued to call Plaintiff's cellular telephone with an automated telephone dialing system to call.
18. On certain calls, Plaintiff would answer and hear a pre-recorded message, while on others she would hear a pause before a live representative got on the line.
19. By placing auto-dialed calls and texts to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.
20. Plaintiff suffered actual damages because the Defendant's calls to her cell phone deprived her of the use of his cellular phone during the times that the Defendant was calling, depleted the battery life of the cellular telephone, and by invading on

the Plaintiffs' right to privacy and seclusion (the very harm that Congress sought to prevent).

21. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiffs day and wasted the Plaintiffs time spent answering and otherwise addressing these repeated phone calls text messages.
22. Defendant's communication efforts attempted and/or directed towards the Plaintiffs violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).
23. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

**<u>FIRST CAUSE OF ACTION</u>**

24. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.
25. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*
26. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.
27. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

**<u>DEMAND FOR TRIAL BY JURY</u>**

28. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the

Defendants as follows:

A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all texts placed to the Plaintiff's cellular phone;

B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiffs per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 27, 2017

Respectfully submitted,

By: /s/ Jonathan Schwab___________

Jonathan Schwab, Esq.
WRIGHT LAW OFFICES
668 N. 44th Street, Ste 300
Phoenix, AZ 85008
Phone: 602-685-1063
Email: bwright@wloaz.com
Attorneys for Plaintiff

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff
**PRO HAC VICE APPLICATION PENDING**